UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN GIGLIO and KELLY GIGLIO, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-03680 |
| | § | |
| ASI LLOYDS *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Pending before the court is a motion to remand filed by plaintiffs John and Kelly Giglio (Dkt. 8) and a verified plea in abatement filed by defendant ASI Lloyds (Dkt. 9). Having considered the motion, plea, other relevant documents in the record, and the applicable law, the court is of the opinion that the motion to remand should be GRANTED. The court will leave the abatement issue for the state court to consider.

**I. BACKGROUND**

The Giglios filed their original petition against defendants ASI Lloyds, Diamondback Contracting, Inc., Lighthouse Claims Services, and Jordan Gerron in the 61st District Court in Harris County, Texas, on November 13, 2013. Dkt. 1-2. In the petition, the Giglios assert that a storm occurring on April 27, 2013, caused severe damage to their property, which was insured by ASI Lloyds. *Id.* The Giglios made a claim on the ASI Lloyds policy, and Diamondback Contracting, Inc., Lighthouse Claims Services, and Jordan Gerron were allegedly assigned by ASI Lloyds to work on the Giglios' claim. *Id.* The Giglios assert summarily that "[a]ll Defendants failed to comply with the Policy, the Texas Insurance Code and Texas Law in handling [the Giglios'] claim." *Id.* ASI Lloyds did not pay as much on the claim as the Giglios believed was due. *Id.* The Giglios' state

court petition asserts various common law and Texas statutory claims against ASI Lloyds and the other defendants. *Id.*

ASI Lloyds removed the case to this court on December 16, 2013, asserting that there is diversity of citizenship between the members of ASI Lloyds, who are from Florida and Massachusetts, and the Giglios. Dkt. 1. ASI Lloyds argues in its notice of removal that the other defendants, Diamondback Contracting, Inc., Lighthouse Claims Services, and Jordan Gerron, were fraudulently joined, so their citizenship should not be considered for jurisdictional purposes. *Id.* ASI Lloyds asserted that the amount in controversy exceeds this court's jurisdictional requirements. *Id.*

The Giglios filed a motion to remand, in which they argue that this court lacks jurisdiction over this case because the petition contains allegations that the insurance adjusters, who are all from Texas, are individually liable under the Texas Insurance Code and these allegations are sufficient to demonstrate a reasonable possibility of recovery against the non-diverse defendants. Dkt. 8. The Giglios also argue that ASI Lloyds has not shown that ASI Lloyds is not a Texas resident, as it is incorporated in Texas. Additionally, the Giglios argue that even if ASI Lloyds were not incorporated in Texas, it provided no proof of its members' citizenship, and it indicated that it had only seven underwriters rather than the ten that are required to be considered a "Lloyds" plan under Texas law. *Id.*

ASI Lloyds opposes remand, reasserting the arguments contained in its notice of removal that the other defendants are fraudulently joined. Dkt. 13. ASI Lloyds fails to respond to the Giglios' assertions relating to the citizenship and status of ASI Lloyds itself. *See id.*

ASI Lloyds filed a separate document requesting that the court abate this case for 60 days pursuant to the requirements of Texas Insurance Code section 541.154, which requires plaintiffs who

are asserting Texas Insurance Code claims to provide a written notice to insurers before filing a lawsuit. Dkt. 9. The Giglios failed to respond to ASI Lloyds' plea in abatement.

## II. LEGAL STANDARD

A defendant may remove a civil action to federal court if that court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). For diversity jurisdiction, the amount in controversy must exceed $75,000 and complete diversity must exist between all parties. *Id.* § 1332(a). Additionally, an otherwise removable action may not be removed on diversity grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2). For jurisdictional purposes, the citizenship of a corporation is deemed to be every state and foreign state by which it has been incorporated and of the state or foreign state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). The citizenship of a partnership, an unincorporated entity, is determined by looking at the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187–88, 110 S. Ct. 1015 (1990); *Int'l Paper Co. v. Denkmann Assocs.*, 116 F.3d 134, 137 (5th Cir. 1997). The "citizenship of an unincorporated association, like a partnership, is determined not by its principal place of business or place of organization, but solely by the citizenship of its members." *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998) (citing, among other cases, *Carden*, 494 U.S. at 189). The burden of proving federal jurisdiction rests on the removing party. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

## III. ANALYSIS

The court need consider only the argument that it should remand this case because ASI Lloyds has not met its burden of showing that ASI Lloyds' citizenship is diverse from the Giglios'. ASI Lloyds asserts in it notice of removal that it is "an association of underwriters," and it proceeds

to cite caselaw referring to the citizenship of "unincorporated association[s]." *See* Dkt. 1. It then concludes that it "is not a citizen of the State of Texas." *Id.* The Giglios provide articles of incorporation for "ASI Lloyds, Inc.," which were filed with the Office of the Secretary of State of Texas on October 7, 1999. Dkt. 6-1. ASI Lloyds, which bears to burden of showing this court has jurisdiction, did not respond to this evidence indicating that ASI Lloyds is incorporated in Texas and is therefore a citizen of Texas for jurisdictional purposes. The court therefore concludes, based on the evidence before it, that ASI Lloyds is a citizen of Texas and could not properly remove this case. Additionally, even if ASI Lloyds were not incorporated in Texas, ASI Lloyds has not offered any evidence of the citizenship of its members other than the unverified assertion of their states of citizenship contained in the notice of removal. Thus, if ASI Lloyds were an unincorporated association, the court has no way of confirming that all members are diverse.

## IV. Conclusion

Because ASI Lloyds has not met its burden of demonstrating that this court has jurisdiction, the Giglios' motion to remand (Dkt. 8) is GRANTED. This case is hereby REMANDED to the 61st District Court in Harris County, Texas.

It is so ORDERED.

Signed at Houston, Texas on March 7, 2014.

_____
Gray H. Miller
United States District Judge